

**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
www.usdoj.gov/usao/or

Hannah Horsley
Assistant U.S. Attorney
Hannah.Horsley@usdoj.gov
(503) 727-1000
*Reply to Portland Office*

**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
Billy J. Williams, United States Attorney

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

July 22, 2019

Mark P. Ahlemeyer
Assistant Federal Public Defender
101 SW Main St., Suite 1700
Portland, OR 97204

Re: *United States v. Vasiliy V. Barbiyeru, Jr.*, Case No. 3:19-cr-00122-MO
Plea Agreement Letter

Dear Counsel:

1. **Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein.

2. **Charges**: Defendant agrees to plead guilty to Count 1 of the Indictment, which charges Threatening Interstate Communication, in violation of Title 18, United States Code, Section 875(c).

3. **Penalties**: The maximum sentence for Count 1 is five years' imprisonment, a fine of up to $250,000, three years of supervised release, and a $100 fee assessment. Defendant agrees to pay the $100 fee assessment at the time of sentencing or explain to the Court why it cannot be done.

4. **Dismissal/No Prosecution**: The USAO will move at the time of sentencing to dismiss any remaining counts against defendant. The USAO further agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

///

Revised May 2018

Mark P. Ahlemeyer
Re: Barbiyeru Plea Agreement Letter
Page 2

5.  **Elements and Factual Basis**: In order for defendant to be found guilty of Count 1 of the Indictment, the government must prove the following elements and facts beyond a reasonable doubt, which defendant agrees the government can prove:

1. Defendant knowingly transmitted in interstate commerce an email containing a threat to injure multiple persons at Deep Springs College; and

2. The email was transmitted for the purpose of issuing a threat, or with knowledge that the email would be viewed as a threat.

Defendant admits the elements of the offense alleged in Count 1 of the Indictment. On October 7, 2017, Barbiyeru sent a threatening email to several individuals and group email addresses at Deep Springs College in California. The email was transmitted from Barbiyeru in Oregon across state lines for the purposes of issuing the threat, and Barbiyeru knew the email would be viewed as a threat. The email stated, in part:

> Your school is built on a lie. If you're not going to kill yourselves I will just help do it for you. Call the cops, call the FBI. I'm ready to kill some college students. You think I'm concerned with my self-preservation? You seem to be forgetting the amount of fucks I have left to give. You guys are the cancer killing this planet. You're only self-righteous assholes looking out for yourselves. Even if I don't kill any one of you I will still bring your college the attention you apparently don't want. Your college is built on secrecy which is the secret joke that I'm going to destroy. Your mission statement is utter bullshit. Read my essay that I sent to you under Vasiliy Barbiyeru's application. That's going to be the manifesto that news outlets will read while you're grieving for your dead students. Get your anuses ready. Read it again and sleep tight. It's going to happen.

Barbiyeru had previously been denied admission to Deep Springs College, and has sent other threatening emails to the college's president and other persons.

6.  **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

/ / /

/ / /

Mark P. Ahlemeyer
Re: Barbiyeru Plea Agreement Letter
Page 3

7.  **Advisory Guideline Calculation**: The parties agree to the following United States Sentencing Guideline calculation

    | | | |
    |---|---|---|
    | 12 | Base Offense Level (§ 2A6.1(a)(1)) |
    | +2 | More than two threats (§ 2A6.1(b)(2)) |
    | -2 | Acceptance of Responsibility if defendant qualifies (§ 3E1.1) |
    | 12 | Total offense level |

There is no agreement concerning defendant's criminal history calculation, but the parties estimate that he is within Criminal History Category I. If the parties are correct, the defendant's advisory guideline range, if he qualifies for a reduction for acceptance of responsibility, would be 10 to 16 months' imprisonment.

8.  **Acceptance of Responsibility**: Defendant must demonstrate to the Court that defendant fully admits and accepts responsibility under USSG § 3E1.1 for defendant's unlawful conduct in this case. If defendant does so, the USAO will recommend a two-level reduction in defendant's offense level. The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

9.  **Government's Sentencing Recommendation**: The USAO will recommend the low end of the applicable guideline range determined by the Court as long as defendant demonstrates an acceptance of responsibility as explained above. The USAO will further recommend a three-year term of supervised release, including special conditions that defendant comply with mental health treatment conditions and that defendant have no contact with the victims and Deep Springs College.

10. **Additional Departures, Adjustments, or Variances:**

    A.  Defendant reserves the right to seek a downward departure, adjustment, or variance from the applicable sentencing guideline range determined by the Court and understands that the government reserves its right to oppose such a request.

    B.  Defendant agrees that, should defendant seek a downward departure, adjustment, or variance from the applicable guideline range determined by the Court and Probation Office, defendant will provide the government with notice of: (1) the factual basis for such request; (2) any evidence defendant intends to introduce or rely upon at the sentencing hearing; and (3) any witnesses, including expert witnesses, defendant intends to call or rely upon at the sentencing

Mark P. Ahlemeyer
Re: Barbiyeru Plea Agreement Letter
Page 4

hearing. Such notice must be provided to the government no later than the Wednesday prior to the week during which the sentencing hearing is scheduled. Defendant agrees that if defendant fails to comply with this notice requirement, defendant will not oppose a government motion for a postponement of the sentencing hearing.

11.     **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range as determined by the Court. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2). In the event that defendant's conviction under this agreement is vacated, the government may reinstate and/or file any other charges, and may take any position at a resentencing hearing, notwithstanding any other provision in this agreement.

12.     **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

13.     **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

14.     **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

If defendant believes that the government has breached the plea agreement, defendant must raise any such claim before the district court, either prior to or at sentencing. If defendant fails to raise a breach claim in district court, defendant has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

Revised May 2018

Mark P. Ahlemeyer
Re: Barbiyeru Plea Agreement Letter
Page 5

15. **Memorialization of Agreement**: No promises, agreements, or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

16. **Deadline**: This plea offer expires if not accepted by August 9, 2019 at 5:00 p.m.

Sincerely,

BILLY J. WILLIAMS
United States Attorney

/s/ Hannah Horsley

HANNAH HORSLEY
Assistant United States Attorney

I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

8/22/2019
Date

VASILIY V. BARBIYERU, JR.
Defendant

I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

8/22/19
Date

MARK P. AHLEMEYER
Attorney for Defendant

Revised May 2018