**Mark Ahlemeyer, OSB No. 095997**
**Assistant Federal Public Defender**
**Email: mark_ahlemeyer@fd.org**
**101 SW Main Street, Suite 1700**
**Portland, OR  97204**
**Tel: (503) 326-2123**
**Fax: (503) 326-5524**

**Attorney for Defendant**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Case No. 3:19-cr-00122-MO |
| Plaintiff, | |
| v. | **DEFENDANT'S SENTENCING MEMORANDUM** |
| **VASILIY V. BARBIYERU, JR.,** | |
| Defendant. | |

The defendant, Vasiliy V. Barbiyeru, Jr., will appear before this Court for sentencing on November 18, 2019. Mr. Barbiyeru has pleaded guilty to one count of Threatening Interstate Communication, in violation of 18 U.S.C. § 875(c). The offense conduct involved Mr. Barbiyeru sending threatening emails from his parents' home in Newberg, Oregon, to a small college in California. Mr. Barbiyeru's online criminal actions toward that school occurred over two years ago, in October of 2017.

Mr. Barbiyeru was initially charged with misdemeanor Disorderly Conduct in Yamhill County, Oregon. In March of 2019, after Mr. Barbiyeru was charged with another misdemeanor

count of Disorderly Conduct for making threats over the phone to a staff member at Lake Oswego High School, the Yamhill County case was dismissed in lieu of this federal felony prosecution.

Federal sentencing is premised on the "parsimony principle" articulated in 18 U.S.C. § 3553(a). *Dean v. United States*, 137 S. Ct. 1170, 1175 (2017). That principle dictates that a sentence be "sufficient, but not greater than necessary," to comply with the following purposes of sentencing:

- To reflect the seriousness of the offense;
- To afford adequate deterrence to criminal conduct;
- To protect the public from further crimes of the defendant; and
- To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2).

In arriving at a sentence that is sufficient but not greater than necessary, § 3553(a) also requires a court to consider the nature and circumstances of the offense, the history and characteristics of a defendant, the kinds of sentences available, and the sentencing range established by the advisory United States Sentencing Guidelines. 18 U.S.C. § 3553(a)(1), (3) - (7); *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008); *United States v. Booker*, 543 U.S. 220 (2005).

Here, there is no dispute as to the advisory guideline range. As set forth in the plea agreement and the presentence report, the base offense level for this offense is 12 pursuant to U.S.S.G. §2A6.1. Because the offense conduct involved more than two threats, the total offense level is 14. *See* U.S.S.G. §2A6.1(b)(2)(A) (two-level increase for more than two threats). With a two-level reduction for acceptance of responsibility, the final offense level is 12.

Mr. Barbiyeru has no juvenile or adult convictions. Accordingly, he has zero criminal history points and is in Criminal History Category I. A final offense level of 12, coupled with the lowest possible criminal history score, results in a final advisory guideline range of 10-16 months of imprisonment.

As noted in the presentence report, Mr. Barbiyeru will have spent 7 months and 21 days in pretrial custody at the time of sentencing. The parties' sentencing recommendations essentially differ only as to how Mr. Barbiyeru will spend the next 70 days. The government will seek a 10-month sentence, thereby asking the Court to keep Mr. Barbiyeru in custody for those 70 days. The defense, in contrast, will ask the Court to release Mr. Barbiyeru to the Northwest Regional Reentry Center (NWRRC) when a placement becomes available. As discussed further in an accompanying submission, the defense has arranged for Mr. Barbiyeru to be admitted to a residential mental health facility as soon as the necessary insurance coverage is secured. Mr. Barbiyeru cannot secure this insurance while in custody. The defense's hope is that Mr. Barbiyeru will briefly reside at the NWRRC while finalizing the requirements for his transition to a specialized mental health treatment center. The defense anticipates that Mr. Barbiyeru will be able to move into that specialized residence at the beginning of January, 2020.

For the reasons stated above and discussed in the accompanying sentencing submission, Mr. Barbiyeru respectfully asks the Court to sentence him to time-served, with the special condition that he reside at the NWRRC until he is able to transition to a residential mental health facility.

RESPECTFULLY submitted this 13th of November, 2019.

    */s/ Mark Ahlemeyer*
    Mark Ahlemeyer
    Attorney for Defendant